IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02422–PAB–KMT

DELMART E.J.M VREELAND, II,

    Plaintiff,

v.

THOMAS C. FISHER, MD,
KAREN A. JOHNSON, MD,
DEA ARAGON,
JOAN M. SHOEMAKER,
HEART OF THE ROCKIES REGIONAL MEDICAL CENTER,
RICHARD RAEMISCH,
THE DOUGLAS COUNTY SHERIFF, MR. WEAVER,
KARI BARONI, CDOC/BVCF, H.S.A., and
MICHAEL FRENCH,

    Defendant.

---

**ORDER**

---

    This matter is before the court on Plaintiff's "Motion for Leave to File an Amended Complaint as to the Douglas County and CDOC Defendants" (Doc. No. 60, filed February 28, 2014).

    Plaintiff seeks to amend his complaint to add claims and defendants. (*See* Doc. No. 60, ¶¶ 12–13.) Plaintiff states he wishes to incorporate his original complaint to his proposed amended complaint. (*Id.*, ¶ 11.)

At the outset, the court notes that Plaintiff is mistaken about his belief that he may amend as a matter of course as to Defendants Johnson and Heart of the Rockies Regional Medical Center. The plain language of the rule, as well as the advisory committee notes regarding the 2009 rule amendments, dictate that Plaintiff's 21-day clock to amend as a matter of course began to run on January 13, 2014, when Defendants Aragon, French, and The Douglas County Sheriff, filed their Motion to Dismiss. (*See* Doc. No. 35.) Because that clock expired on February 3, 2014, Plaintiff may not file his Amended Complaint without first obtaining leave of court. The advisory committee notes make clear that the "whichever is earlier" language in Rule 15(a)(1) is not intended to be cumulative. "If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21–day period."[1] Plaintiff's motion to amend as a matter of course properly is denied.

Moreover, Plaintiff's proposed amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

---

[1] Fed. R. Civ. P. 15 advisory committee's note (providing an example of how the 21-day deadline in Rule 15(a)(1)(B) is not cumulative).

Plaintiff seeks to combine his original 44-page complaint with the newly-proposed 74-page complaint to form one complaint. (Doc. No. 60-1 at 6.) However, the plaintiff may not amend his Complaint by simply filing piecemeal amendments and supplements. Rather, he must file the <u>entire</u> proposed second amended complaint. The plaintiff may not incorporate by reference his original Complaint. The amended complaint must stand alone; it must contain all of the plaintiff's claims. *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Moreover, Plaintiff is reminded of his duty to comply with Fed. R. Civ. P. 8(a), which provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Therefore, it is

**ORDERED** that the "Motion for Leave to File an Amended Complaint as to the Douglas County and CDOC Defendants" (Doc. No. 60) is **DENIED** without prejudice. It is further

**ORDERED** that the "Joint Motion to Strike Plaintiff's Motion to File an Amended Complaint" (Doc. No. 71) is **DENIED** as moot.

Dated this 24th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge