IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02422–PAB–KMT

DELMART E.J.M VREELAND, II,

    Plaintiff,

v.

THOMAS C. FISHER, MD,
KAREN A. JOHNSON, MD,
DEA ARAGON,
JOAN M. SHOEMAKER,
HEART OF THE ROCKIES REGIONAL MEDICAL CENTER,
RICHARD RAEMISCH,
THE DOUGLAS COUNTY SHERIFF, MR. WEAVER,
KARI BARONI, CDOC/BVCF, H.S.A., and
MICHAEL FRENCH,

    Defendant.

## ORDER

    This matter is before the court on Plaintiff's "Motion for Leave to Amend Complaint[, ] Motion to Dismiss Complaint Against Defendant Raemisch[, and] Motion for Order Granting Alternative Service Upon Defendants." (Doc. No. 103, filed May 15, 2014.)

    Plaintiff apparently seeks to amend his complaint to add claims and defendants. (*See* Doc. No. 103-1.) Plaintiff also wishes to remove a claim against Defendant Raemish. (*See* Doc. No. 103 at 2.)

On March 24, 2014, this court denied Plaintiff's previous motion to amend his complaint because Plaintiff had not complied with Fed. R. Civ. P. 8. Upon a review of the newly-proposed amended Complaint (Doc. No. 103-1), the court finds Plaintiff still has failed to comply with Rule 8. Additionally, Plaintiff fails to comply with D.C.COLO.LCivR 15.1.

The court previously advised Plaintiff that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Plaintiff states he has "condensed the Proposed Amendment to conform with Rule 8 " by making it "more specific, and add[ing]/clarif[ying] the state law claims to which Plaintiff moved the Court to accept jurisdiction over." (Doc. No. 103 at 2.) However, pursuant to Rule 8(a), the complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The current operative complaint in this case is 44 pages. (*See* Doc. No. 1.) Plaintiff seeks to lengthen the complaint by twelve pages. (*See* Doc. No. 103-1.) The proposed amended complaint is unnecessarily verbose and, despite Plaintiff's contentions, does not make "an all around better Complaint." (Doc. No. 103 at 2.)

Plaintiff also fails to comply with D.C.COLO.LCivR 15.1(b), which provides:

> A party who files an opposed motion for leave to amend a pleading shall attach as an exhibit a copy of the proposed amended pleading which strikes through (e.g. ~~strikes through~~) the text to be deleted and underlines (e.g. <u>underlines</u>) the text to be added.

*Id.* Plaintiff does not detail in his motion the specific amendments he seeks or the reasons . The court is unable to determine specifically how Plaintiff seeks to amend his complaint without spending valuable court resources comparing in detail the operative with the proposed amended complaint. This undertaking would be unnecessary if Plaintiff complied with Local Rule 15.1(b). Although Plaintiff's pleadings are construed liberally because he is proceeding *pro se*, he is not excused from his obligations to follow the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Therefore, for the foregoing reasons, it is

**ORDERED** that Plaintiff's "Motion for Leave to Amend Complaint[, ] Motion to Dismiss Complaint Against Defendant Raemisch[, and] Motion for Order Granting Alternative Service Upon Defendants" (Doc. No. 103) is **DENIED** without prejudice.

Dated this 22nd day of August, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge