IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02422–PAB–KMT

DELMART E.J.M VREELAND, II,

    Plaintiff,

v.

THOMAS C. FISHER, MD,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion for Appointment of Independent Expert Pursuant to Rule 706(a) of the Federal Rules of Evidence" (Doc. No. 232 [Mot.], filed July 8, 2015). Defendant filed his response on July 23, 2015 (Doc. No. 248 [Resp.].)

Plaintiff moves the court to appoint a medical expert to be paid by the defendant. The appointment of an expert under Fed. R. Evid. 706 is discretionary. *Cestnik v. Federal Bureau of Prisons*, No. 03-1124, 2003 WL 22969354, at *2 (10th Cir. Dec. 18, 2003). Plaintiff states he has contacted sixteen doctors who are unwilling to serve as an expert without examining him. (*See* Mot., ¶ 16.) However, Plaintiff fails to provide any proof of such contacts or that any physician has consented to act as an expert, even with a physical examination. *See* Fed. R. Evid. 706(a) ("[T]he the court may only appoint someone who consents to act.). Moreover, "appointment of

1

an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." *Byng v. Campbell*, 2008 WL 4662349 (N.D.N.Y. Oct. 20, 2008). *See* 4 Weinstein's Federal Evidence § 706.02[3] (2d Ed.2007) (stating that a court has discretion to appoint an expert of its choosing "in exceptional cases that present unwieldy, complex, or technical issues" or when "there is a need for an impartial, independent assessment of a disputed issue"). Even though Plaintiff's case involves medical issues, this case is not overly complex or scientific, *see Grady v. Edmonds*, 2008 WL 552845 (D. Colo. Feb. 27, 2008); *Cestnik v. Federal Bureau of Prisons*, 2003 WL 22969354 (10th Cir. Dec. 18, 2003) ("Given the lack of complexity of [plaintiff's] case and his failure to submit any evidence that he was financially unable to retain his own physician, we cannot say the refusal to appoint an expert constituted abuse of discretion."), and plaintiff has not presented compelling circumstances to warrant appointment of an expert. Because the requirements of Rule 706 have not been met, and because the court concludes that this case is not one in which Rule 706 is applicable, Plaintiff's motion for the appointment of an expert pursuant to Rule 706 is denied.

Moreover, to the extent Plaintiff requests appointment of an expert at the Court's expense, the court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. 28 U.S.C. § 1915(c) provides in part that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. The right of access to the courts does not extend to providing witness fees for a witness the prisoner claims to be essential to his *in forma pauperis* case. *Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983). The court has no more authority to appoint an

expert witness at government expense for Plaintiff than it has to require counsel to represent him. As the court stated in *Boring v. Kozakiewicz*, in affirming the district court's refusal to appoint an expert at government expense in a similar case:

> [t]he plaintiffs' [former pretrial detainees] dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems . . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

833 F.2d 468, 474 (3rd Cir. 1987).  *See also Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993) (concluding "that there is no statutory authority for a court to commit federal funds to pay for deposition transcripts").

Finally, this court notes that in its Minute Order granting in part Plaintiff's "Motion for Enlargement of Time to Serve Expert Witness Disclosure" (Doc. No. 226), the court stated,

> Plaintiff may designate an expert witness no later than July 6, 2015.  If Plaintiff obtains an expert by July 6, 2015, the court may consider allowing Plaintiff, upon the filing of a renewed motion, a limited further extension of time for the expert to prepare his/her report.  However, the court will not consider a request for a further extension unless Plaintiff files written proof of acceptance of the designation by an expert and written proof from an expert that the expert requires additional time to provide a report.

(*Id.*)  Plaintiff failed to comply with this order.  Thus, the court will not consider any further extensions of time for Plaintiff to designate an expert.

Therefore, it is

**ORDERED** that Plaintiff's "Motion for Appointment of Independent Expert Pursuant to Rule 706(a) of the Federal Rules of Evidence" (Doc. No. 232) is **DENIED**.

Dated this 27th day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge