IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02422–PAB–KMT

DELMART E.J.M VREELAND, II,

    Plaintiff,

v.

THOMAS C. FISHER, MD,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion for Leave to Conduct Oral Deposition of Defendant's Retained Expert Witness, Susan M. Tiona, M.D., on 7/20/2015 at the Colorado Territorial Correctional Facility" (Doc. No. 233 [Mot.], filed July 8, 2015). Defendant filed his response on July 23, 2015 (Doc. No. 249 [Resp.].) Plaintiff filed his reply before the response, on July 20, 2015. (Doc. No. 243 [Reply].)

Plaintiff seeks leave to depose Defendant's retained medical expert, Susan Tiona, M.D. (*See* Mot.) Defendant does not oppose the motion to depose Dr. Tiona; however, he does request that Plaintiff be required to pay Dr. Tiona the sum of $450.00 ($150.00 per hour for one hour of deposition time and two hours of travel time between Colorado Springs and the Colorado Territorial Correctional Facility). (*See* Resp.) Plaintiff objects to paying Dr. Tiona $150 per

1

hour.  (Reply at 3.)   Plaintiff argues that Defendant Fisher testified in his deposition that "he did not pay the expert anything, and did not know if anyone paid her any money, and if anyone did pay her, he did not know who, and/or what the compensation was."   (*Id.*)

Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Further, Rule 26(b)(4)(E)(i) states that "[u]nless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery."   *See* Fed. R. Civ. P. 26(b)(4)(E)(i)   In determining a reasonable fee for an expert under Rule 24(b)(4)(E), several factors may be relevant:

> 1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*U.S. Energy Corp. v. NUKEM, Inc.*, 163 F.R.D. 344, 345–46 (D. Colo. 1995).   The court has discretion to set reasonable expert fees under Rule 26.

Defendant Fisher was, at the time of the allegations in the Complaint, an employee of the Colorado Department of Corrections, and was, until January 6, 2015, represented by the Colorado Attorney General, at which time the Colorado Attorney General withdrew due to a conflict of interest.   (*See* Doc. Nos. 152, 159, 161.)   The court assumes that, if the Colorado Attorney General had continued to represent Defendant Fisher, he would not have been required to compensate Dr. Tiona, who also is an employee of the Colorado Department of Corrections.

Defendant has not addressed whether Dr. Tiona has been compensated or will be compensated by Defendant Fisher for her services as a retained expert under Rule 26(a) or, if so, at what rate.

In light of the circumstances of this case, and because two of the factors the court may consider in determining a reasonable fee for an expert are the fee actually being charged to the party who retained the expert and fees traditionally charged by the expert on related matters, *U.S. Energy Corp.*, 163 F.R.D. 345–46, it is

**ORDERED** that, no later than **July 30, 2015**, Defendant Fisher shall file a supplemental response in which he advises the court of the following:

1. If he or the Colorado Department of Corrections have compensated or will compensate Dr. Tiona as a retained expert outside her salary as an employee for the Colorado Department of Corrections, and, if so, at what hourly rate;

2. If Defendant Fisher has compensated or will compensate Dr. Tiona outside of her salary, whether Dr. Tiona, for the time she travels to and from her deposition and during her deposition, intends to take earned leave from her duties as Chief Medical Officer for the Colorado Department of Corrections or whether she will be paid by the Colorado Department of Corrections in addition to being compensated by Plaintiff; and

3. If she has acted as a retained expert on other matters, the fees she traditionally charges for her services.

Dated this 27th day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge