IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02422–PAB–KMT

DELMART E.J.M VREELAND, II,

    Plaintiff,

v.

THOMAS C. FISHER, MD,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion for Leave to Conduct Oral Deposition of Defendant's Retained Expert Witness, Susan M. Tiona, M.D., on 7/20/2015 at the Colorado Territorial Correctional Facility" (Doc. No. 233 [Mot.], filed July 8, 2015). Defendant filed his response on July 23, 2015 (Doc. No. 249 [Resp.].) Plaintiff filed his reply before the response, on July 20, 2015. (Doc. No. 243 [Reply].) Pursuant to this court's Order (Doc. No. 251), Defendant filed a supplemental response on July 30, 2015. (Doc. No. 252 [Supp. Resp.].)

Plaintiff seeks leave to depose Defendant's retained medical expert, Susan Tiona, M.D. (*See* Mot.) Plaintiff requested to depose Dr. Tiona on July 20, 2015, at the Colorado Territorial Correctional Facility. (*Id.*) Defendant does not oppose the motion; however, he does request that the deposition be scheduled at a mutually agreeable date and time after Plaintiff has complied

1

with the CDOC Administrative Regulations, and that Plaintiff be required to pay Dr. Tiona $150 per hour for her time traveling and being deposed.  (*See* Resp.)

Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Further, Rule 26(b)(4)(E)(i) states that "[u]nless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery."  *See* Fed. R. Civ. P. 26(b)(4)(E)(i)

In determining a reasonable fee for an expert under Rule 24(b)(4)(E), several factors may be relevant:

> 1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*U.S. Energy Corp. v. NUKEM, Inc.*, 163 F.R.D. 344, 345–46 (D. Colo. 1995).  The court has discretion to set reasonable expert fees under Rule 26.

Plaintiff objects only to paying Dr. Tiona $150 per hour because Defendant Fisher testified in his deposition that "he did not pay the expert anything, and did not know if anyone paid her any money, and if anyone did pay her, he did not know who, and/or what the compensation was." (Reply at 3.)  Defendant Fisher was, at the time of the allegations in the Complaint, an employee of the Colorado Department of Corrections, and was, until January 6, 2015, represented by the Colorado Attorney General, at which time the Colorado Attorney General withdrew due to a

conflict of interest.  (*See* Doc. Nos. 152, 159, 161.)   In his Supplemental Response, Defendant Fisher advises the court that Dr. Tiona is not being paid by the defendant over and above her salary as the Chief Medical Officer for the Colorado Department of Corrections for her work in this case. (Supp. Resp., ¶ 2.)   Nevertheless, Defendant Fisher argues that Plaintiff should be required to pay Dr. Tiona $150 per hour because she "will have to take 'paid administrative leave' to prepare for (for which Defendant will be responsible), travel to (for which Plaintiff should be responsible), and participate in (for which Plaintiff should be responsible) the deposition requested by Plaintiff — meaning that she will be paid, but that she will lose time off for this deposition."   (*Id.*, ¶ 3.) The court is aware, however, that paid administrative leave is different from annual or sick leave, and that Dr. Tiona will not have a personal disadvantage by taking such leave.   Because Dr. Tiona is being paid by the Colorado Department of Corrections for her time traveling to and taking her deposition, the court sees no reason Plaintiff should be required to reimburse her for her time as well.

However, Plaintiff is not excused from the requirements of the Rule 30 of the Federal Rules of Procedure, including the notice requirements, or the Administrative Regulations of the Colorado Department of Corrections.[1, 2]

Accordingly, for the foregoing reasons, it is

**ORDERED** that Plaintiff's "Motion for Leave to Conduct Oral Deposition of Defendant's Retained Expert Witness, Susan M. Tiona, M.D., on 7/20/2015 at the Colorado Territorial

---

1 The *in forma pauperis* statute, 28 U.S.C. § 1915, does not require the court to order waiver of fees for recording the deposition.
2 This court previously has advised Plaintiff that it will not interfere in the day-to-day activities of prison administration.   (*See* Doc. No. 210.)

Correctional Facility" is GRANTED in part.  Plaintiff may depose Dr. Tiona at a mutually agreeable date and time after Plaintiff has complied with the Colorado Department of Corrections Administrative Regulations, specifically Administrative Regulation 750-03.  Plaintiff also must comply with Fed. R. Civ. P. 30 and D.C.COLO.LCivR 30.1.  Plaintiff is not required to pay Dr. Tiona for her travel time or for her deposition time.  The deposition, if taken, must be held on or before the discovery cutoff date, August 26, 2015.

Dated this 30th July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge