IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02422-PAB-KMT

DELMART E.J.M. VREELAND, II,

    **Plaintiff**,

v.

THOMAS C. FISHER, M.D.,

    **Defendant**.

___

**DEFENDANT THOMAS C. FISHER, M.D.'S
RESPONSE IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION FOR ENLARGEMENT OF TIME
IN WHICH TO SUBMIT RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC 294)**
___

    Defendant THOMAS C. FISHER, M.D. (hereinafter "Defendant Dr. Fisher"), by and through his attorneys, CAIN & WHITE, LLP, herein files this his Response in Opposition to Plaintiff's Second Motion for Enlargement of Time in Which to Submit a Response to Defendant's Motion for Summary Judgment (Doc. 294) (hereinafter "Plaintiff's Motion"), and states as follows:

1.     On August 5, 2015, Defendant timely filed his Motion for Summary Judgment (Doc. 254) in this matter. Such Motion is incorporated herein by reference the same as if fully set forth at length. Because of the Court's Order on Defendants' Motion to Dismiss, the issues before this Court are limited — i.e., treatment for an alleged post-operative infection (which, according to two (2) objective unbiased lab reports

      done in March 2012 and again in July 2013, does not exist) and the issue of whether Plaintiff got Band-aids for his surgical wound (which he admitted himself in his deposition that he had received enough Band-aids to have some left over).

2. After Plaintiff requested additional time to depose Defendant's expert, CDOC Chief Medical Officer Susan Tiona, M.D., this Court allowed Plaintiff until October 26, 2015 to respond — 82 days after the filing of Defendant's Motion for Summary Judgment. (Doc. 260) Such deposition took place on August 24, 2015 (almost two (2) months ago).

3. Plaintiff now requests that he be granted, "**at minimum**" an extension of time to respond to Defendant's Motion for Summary Judgment until 21 days after the now-vacated December 1, 2015 hearing. (See p. 3 of Plaintiff's Motion.)(Doc. 294)(emphasis added)  In essence, Plaintiff has requested an indefinite amount of time — but is now saying that he needs, at least, 139 days (or approximately 4.5 months) from the filing of the Motion for Summary Judgment to respond.

4. Discovery concluded in this matter on August 26, 2015, subject to this Court's ruling as to any extension of such in response to Plaintiff's Motion.

5. A trial court's decision to deny discovery will not be reversed unless such decision exceeded the bounds of the rationally available choices given the facts and the applicable law in the case at hand.   *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013).

6. While extensions of time to respond to allow the responding party to conduct

      discovery, the parties requesting such extensions must make three (3) showings to the court: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery would preclude the entry of summary judgment; and (3) a statement showing why this discovery had not been or could not have been obtained earlier. See Fed.R.Civ.P. 56(d); _F.D.I.C. v. Arciero_, 741 F.3d 1111, 1116 (10th Cir. 2013); _Trask v. Franco_, 446 F.3d 1036, 1042 (10th Cir. 2006). Furthermore, Plaintiff has not submitted with a declaration or affidavit in support of such Motion as required by Fed.R.Civ.P. 56(d). See Fed.R.Civ.P. 56(d).

7. The Tenth Circuit, in an earlier case, had set out specific requirements — i.e., that the party seeking to defer a ruling on summary judgment must identify: **(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment**." _Valley Forge Ins. Co. v. Health Care Mgt. Partners, Ltd._, 616 F.3d 1086, 1096 (10th Cir.2010). Plaintiff has failed to provide any of this information to this Court.

8. While Plaintiff has requested the opportunity to re-depose Defendant Dr. Fisher as well as Dr. Susan Tiona, Plaintiff fails to mention that he deposed Dr. Tiona for, by the undersigned's calculations, seven (7) hours and five (5) minutes and that he deposed Defendant Dr. Fisher for five (5) hours and forty-five (45) minutes.

9. In Dr. Tiona's deposition, Plaintiff appeared determined to take the entire seven (7)

hours allowed when he stated the following:

> **Q:** **(By Mr. Vreeland) We are going to be here the whole seven hours because you're prepared for it.**
>
> **MS. WHITE: That's quite all right.**
>
> **THE WITNESS:   That's all right.**
>
> **MS. WHITE:   We are getting close to a place where we need to take a break.**
>
> **MR. VREELAND:   Yeah, we'll take a break when I'm ready.**
>
> **. . .**
>
> **Q:** **(By Mr. Vreeland)  <u>I have seven hours of questioning, I'm going to use every one of them</u>.**
>
> **. . .**

(See pp. 260-61, 266 of the transcript of Dr. Tiona attached hereto as **Exhibit A**.)(emphasis added)

10. As such, out of a 395 page deposition (and as set out in detail in Defendant's Response to Plaintiff's Motion for Sanctions (Doc. 275)), Plaintiff questioned the witness for approximately 53 pages on the topics which could potentially be relevant to the Motion (which had already been filed at the time of her deposition) (which, by the undersigned's calculations, is about 13% of the total time of the deposition which was over seven (7) hours).   (See **Exhibit A**.)

11. Furthermore, Defendant had disclosed all reports (supplemental) of Dr. Tiona prior to her deposition (i.e., there have been no supplements to such after her

deposition). Accordingly, Plaintiff had all information available to him to question her at the time he deposed Dr. Tiona on August 24, 2015.

12. Despite Plaintiff's apparent dissatisfaction with Dr. Tiona's testimony, Dr. Tiona answered questions during her over seven (7) hour deposition consistent with her expertise and to the best of her ability.

13. As such, and because Plaintiff has failed to set out what facts he seeks to elicit from Dr. Tiona that would, in any way, preclude Defendant's Motion for Summary Judgment or why he could not have obtained such during her over 7 hour deposition already taken, Plaintiff's request for additional deposition time for Dr. Tiona should be denied.

14. Furthermore, while Plaintiff clearly disagrees with Defendant Dr. Fisher's deposition testimony, he has failed to set out what additional facts he seeks to elicit from Dr. Fisher which would preclude summary judgment or somehow raise a genuine issue of material fact and a disagreement as to his prior testimony does not give rise to cause for additional time. He has also failed to explain why he did not get the necessary facts he needed during the 5 hour, 45 minute deposition of Dr. Fisher or why he failed to make a record that he required additional time. At the conclusion of Dr. Fisher's deposition, Plaintiff stated "I'm good. I'm all good." (See p. 312 of the transcript of the deposition of Dr. Fisher already before this Court.) At the time of Dr. Fisher's deposition, Defendant had disclosed Dr. Tiona's May 18, 2015 report, her June 5, 2015 supplemental report, and the Second Supplemental Retained

   Expert Witness Disclosures dated June 30, 2015.  As such, Plaintiff was aware at the time of Dr. Fisher's deposition that the lab reports reflected no post-operative infection related to his appendectomy and Dr. Tiona's opinions and conclusions regarding the facts of this case.  Moreover, Plaintiff also had all medical records prior to Dr. Fisher's deposition (noting that he did not have the billing records from Physician Health Partners, his canteen purchases (to which he clearly had access), and his kites from February 2012 through August 2013 (again, to which he clearly had access).  Accordingly, Plaintiff's request for additional deposition time for Dr. Fisher should be denied.

15. Defendant Dr. Fisher maintains that any information relevant to Plaintiff's claims which could be elicited through Dr. Tiona's testimony was available on August 24, 2015 when Dr. Tiona was deposed.

16. Plaintiff's claim that the denial of his Motion "would deny due process and fair opportunity to fully respond and to litigate this case" is without merit. (See p. 3 of Plaintiff's Motion.) (Doc. 294) Plaintiff has had over two years since he filed his Complaint to gather evidence in support of his claims.  Defendant Dr. Fisher maintains that, if Plaintiff does not currently have sufficient evidence in his possession to demonstrate that he had a serious medical condition following his February 28, 2012 appendectomy (particularly in light of two (2) lab reports in March 2012 and July 2013 which definitively establish that no infection existed), Plaintiff's Motion should be denied and Defendant's Motion for Summary Judgment should be

granted.

17. Case law is clear that Rule 56(d) "**is not a license for a fishing expedition**." <u>Lewis v. City of Ft. Collins</u>, 903 F.2d 752, 759 (10th Cir. 1990)(emphasis added).  Plaintiff has failed in his Motion to demonstrate how discovery will raise a genuine issue of material fact.  Plaintiff's lack of specificity as to the facts that he intends to establish is simply insufficient to meet Fed.R.Civ.P. 56(d) muster.

18. Defendant Dr. Fisher also notes that this Court has the authority pursuant to Fed.R.Civ.P. 56(f) to render judgment independent of Defendant's Motion for Summary Judgment as there is no genuine issue of material fact that Plaintiff has not complied with the Prison Litigation Reform Act's ("PLRA") exhaustion of remedies requirement. See 42 U.S.C. § 1997e(a).   The court shall, on its own motion or on the motion of a party, dismiss any action brought with respect to prison conditions under section 1983 or any other federal law by a prisoner confined in prison if the court is satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted.   42 U.S.C. § 1997e(c)(1).

19. Exhaustion of remedies is mandatory under the Prison Litigation Reform Act and unexhausted claims cannot be brought in court.  <u>Thomas v. Parker</u>, 609 F.3d 1114, 1117 (10th Cir. 2010).   Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure.  <u>Marshall v. Lee</u>, 529 Fed.Appx. 898, 900 (10th Cir. 2013)(not selected for publication)(offered

as persuasive authority).   The doctrine of substantial compliance does not apply. *Id*.

20. Defendant Dr. Fisher has attached a copy of the DOC Administrative Regulation 850-04 which sets out the grievance procedure.   (See the copy of the DOC AR 850-04 attached hereto as **Exhibit B**.)   In addition, Defendant Dr. Fisher has attached a copy of each grievance (Steps 1, 2, and 3) submitted by Plaintiff to the DOC and their responses related to this case.   (The grievances and responses are attached collectively as **Exhibit C**.)    As this Court can see, Plaintiff untimely submitted his Step 2 grievance.   (See AR 850-04 (IV)(F)(d) (2012) attached hereto as **Exhibit B**; see also **Exhibit C**.)    Lastly, on August 8, 2013, **CDOC informed Plaintiff that he had not exhausted all of his administrative remedies**. (See CDOC's Step 3 response attached hereto as **Exhibit D**.)   Because of Plaintiff's failure to exhaust his remedies with the CDOC, this Court may, pursuant to the Prison Litigation Reform Act, grant summary judgment on Plaintiff's claims.

21. Defendant Dr. Fisher contends that this Court's denial of Plaintiff's Motion does NOT exceed the bounds of the rationally available choices, given the facts and the applicable law in the case at hand and he requests that this Court deny Plaintiff's Motion.

WHEREFORE, Defendant Thomas C. Fisher, M.D. herein requests this Court deny Plaintiff's Second Motion for Enlargement of Time in Which to Submit Response to Defendant's Motion for Summary Judgment and for such other and further relief to which

he may be entitled.

    Respectfully submitted this 22nd day of October, 2015.

                                                        CAIN & WHITE, LLP

                                                        */s/ Jennifer L. White*
                                                        Craig W. Cain, No. 15930
                                                        Jennifer L. White, No.36466
                                                        1555 Quail Lake Loop, Suite 100
                                                        Colorado Springs, Colorado 80906
                                                        Telephone: (719) 575-0010
                                                        Facsimile: (719) 575-0020
                                                        E-mail: ccain@cainwhitelaw.com
                                                                    jwhite@cainwhitelaw.com
                                                        ***Attorneys for Defendant Thomas C. Fisher, M.D.***

## CERTIFICATE OF SERVICE

    I hereby certify that, pursuant to Fed.R.Civ.P. 5, on this 22nd day of October, 2015, a true and correct copy of the above and foregoing **DEFENDANT THOMAS C. FISHER, M.D.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ENLARGEMENT OF TIME IN WHICH TO SUBMIT RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC 294)** was served, via U.S. Mail, upon the following:

Mr. Delmart Vreeland, #143539
Colorado Territorial Correctional Facility
P. O. Box 1010
Cañon City, CO 81215-1010
**Plaintiff pro se**

                                                        */s/ Diana Domingues*
                                                        Diana Domingues, Paralegal