IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02422–PAB–KMT

DELMART E.J.M VREELAND, II,

    Plaintiff,

v.

THOMAS C. FISHER, MD,

    Defendant.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion for an Order Compelling Production of Document Compelling Testimony, and for Sanctions Against Defendant Thomas C. Fisher, M.D., Defendant[']s Lawyers Craig W. Cain[,] Jennifer L. White, and Defendant's Retained Expert Witness CDOC Chief Medical Officer, Susan M. Tiona, M.D. with Request for Hearing and Order that all Parties Appear" (Doc. No. 263 [Mot.], filed August 31, 2015).   Defendant filed his response on September 15, 2015 (Doc. No. 275 [Resp.]), and Plaintiff filed his reply on November 12, 2015 (Doc. No. 309-1 [Reply]).

Plaintiff first asserts that the defendant, through counsel, violated his right to psychotherapist-patient privilege by asking him questions about his mental health and obtaining his mental health records despite the fact that he has "never raised any issues regarding his mental

1

health."(Mot. at 2, ¶ 3.)[1]  Plaintiff also asserts that Defendant illegally distributed copies of Plaintiff's mental health files to Defendant's expert, Susan M. Tiona, M.D.  (*Id.* at 5, ¶ 17.)  In *Jaffee v. Redmond*, 518 U.S. 1, 12–13 (1996), the Supreme Court held there is a psychotherapist-patient privilege in federal cases.  However, this "privilege is not absolute." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *see also Jaffee*, 518 U.S. at 15 n.14 ("Like other testimonial privileges, the patient may of course waive the protection.").  "Numerous courts since *Jaffee* have concluded that, similar to attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (collecting cases).  Similarly, the Tenth Circuit has held that a plaintiff who makes a request for emotional distress damages places his psychological state in issue and entitles a defendant to his mental health records.  *Fisher v. Sw. Bell Telephone Co.*, 361 F. App'x 974, 978 (10th Cir. 2010).

---

1 The court notes that Plaintiff, in clarifying the issues in his motion, does not mention this issue in his reply.  (*See* Reply.)  However, the court will address this argument nevertheless.

The court agrees with Defendant that Plaintiff has put his mental health status at issue in his Complaint and that, as such, Defendant's counsel properly forwarded the records to Defendant's expert. (*See* Resp. at 4 [quoting statements from Plaintiff's Complaint in which Plaintiff made allegations related to mental anguish and mental fatigue] and 11.) The court also notes that Plaintiff requested a copy of his own mental health file in discovery, and, during a May 22, 2015 hearing, the court granted Plaintiff's motion to compel the production of Plaintiff's postoperative mental health records. (*See* Doc. No. 271 [Tr. of May 22, 2015 Hr'g] at 65–67.) Moreover, Plaintiff signed releases for Defendant to obtain the records including any or all information involving psychological or psychiatric conditions. (*See* Resp., Ex. F.) Finally, during Plaintiff's deposition, Defendant's counsel asked only one question of Plaintiff pertaining to mental health care Plaintiff received postoperatively; however Plaintiff refused to answer the question. (*See* Resp., Ex. A, p. 83–84.) Plaintiff's motion is denied in this respect.

Next, Plaintiff states that Defendant's former counsel forwarded copies of Plaintiff's medical and mental health files to Defendant's new counsel without waiver or authorization from Plaintiff. (Mot., ¶ 10.) Defendant asserts that his counsel properly obtained a copy of the Defendant's legal file from Defendant's former lawyer. (*See* Resp. at 2, 11.) C.R.C.P. 1.16(d) requires a lawyer, upon withdrawal, to the extent reasonably practicable to protect the client's interest, to surrender all papers and property to which the client is entitled.[2] Defendant's legal file

---

2 There are two exceptions to the requirement that a lawyer must surrender papers and property to which the client is entitled, neither of which is applicable here. *See* Colo. Bar Ass'n Formal Ethics Op. 104, *Surrender of Papers to the Client Upon Termination of the Representation* (Adopted Apr. 17, 1999).

belongs to him.  Neither Defendant nor Defendant's former counsel has objected to the transfer of Defendant's legal file to Defendants' current counsel.  Plaintiff's motion is denied in this respect.

Next, Plaintiff argues that during Defendant's deposition, Defendant's counsel interrupted 96% of the questions and ordered Defendant not to respond to questions or objected to questions, and that Defendant lied to cover up his drug use.  (*See* Mot. at 5–9.)  Plaintiff also alleges that during the deposition of Defendant's expert, Dr. Tiona, Defendant's counsel told Dr. Tiona not to answer questions and made many needless objections, and that Dr. Tiona refused to answer questions or answered with meaningless responses.  (*See* Mot. at 10–12.)  With only a few exceptions, Plaintiff fails to cite specific pages of the deposition transcripts.  Although Plaintiff identifies the depositions, he does so wholesale, for the most part without identifying pertinent facts or specific citations.  Plaintiff's failure to identify where in the record particular facts are located impedes consideration of Plaintiff's arguments.  The court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [him]."  *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000).  Moreover, Local Rule 7.1(e) provides that "[e]very citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made."  D.C.COLO.LCivR 7.1(e).  Both Plaintiff's motion and reply to the motion violate this rule.

Plaintiff does specifically cite to Defendant's deposition at pages 293 through 297, objecting to Defendant's counsel's disruption of the flow of Defendant's deposition.  (Mot., ¶ 24.)  Upon a review of these pages, the court does not find that Defendant's counsel's objections were unwarranted or improper under Fed. R. Civ. P. 26 or 30.  Rather, Defendant's counsel's

objections primarily were based on the form of and the argumentative nature of Plaintiff's questions.  (*See* Resp., Ex. 9 at 293–297.)   Plaintiff also cites to these pages of Defendant's deposition in his contention that Defendant lied about the number of times he had been to rehab. (Mot., ¶ 24.)   However, Plaintiff concedes that Defendant later corrected this portion of his deposition.  (*Id.*, ¶ 26.)   Plaintiff states that this "lie hindered the deposition" (*id.*, ¶ 27); however at the time of the deposition Plaintiff apparently was not aware of the alleged lie and he fails to explain how, if he had known the correct answer at the time of the deposition, his questions might have been different or how he differently he would have conducted the deposition.   Plaintiff's motion for additional time to depose the defendant and for sanctions against the defendant is denied.

Finally, Plaintiff contends that Dr. Tiona was under a subpoena requiring her to produce all documents given to her by Defendant's counsel but that when Dr. Tiona's deposition commenced, he learned that neither Defendant's counsel nor Dr. Tiona brought the file.   (*Id.*, ¶ .   (Mot., ¶¶ 34 & 36.)   Upon a review of Dr. Tiona's deposition transcript, it is clear that Dr. Tiona complied with the subpoena (*see* Resp., Ex. B at 29–33), with the exception of providing copies of email correspondence between herself and Defendant's counsel.   To the extent Plaintiff objects to Dr. Tiona's failure to provide copies of the email correspondence, Defendant's counsel advised she had copies of the correspondence with her at the deposition and that Plaintiff could review the documents and question Dr. Tiona.   (*Id.* at 85–88.)   Plaintiff did not request to review the documents.   Thus, Plaintiff cannot claim that Dr. Tiona's failure to provide the emails impeded the way he conducted Dr. Tiona's deposition.

Plaintiff's request for additional time to depose the defendant and Dr. Tiona is denied. However, Plaintiff's motion to require Dr. Tiona to produce the email correspondence between herself and Defendant's counsel is granted.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that Plaintiff's "Motion for an Order Compelling Production of Document Compelling Testimony, and for Sanctions Against Defendant Thomas C. Fisher, M.D., Defendant[']s Lawyers Craig W. Cain[,] Jennifer L. White, and Defendant's Retained Expert Witness CDOC Chief Medical Officer, Susan M. Tiona, M.D. with Request for Hearing and Order that all Parties Appear" (Doc. No. 263) is **GRANTED in part**.   Defendant shall provide copies of the email correspondence between Dr. Tiona and Defendant's counsel no later than **February 5, 2016**.  The motion is **DENIED** in all other respects.   It is further

**ORDERED** that Plaintiff shall file his response to Defendant's Motion for Summary Judgment (Doc. No. 254) no later than **February 16, 2016**.  Defendant Fisher may file his reply no later than **February 25, 2016**.  No further extension of these deadlines will be granted.[3]

Dated this 29th day of January, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[3] The date for Plaintiff to respond to the Motion for Summary Judgment was August 31, 2015. Plaintiff moved for and was granted a 56-day extension to respond.  (*See* Doc. Nos. 258 & 260.) On October 19, 2015, Plaintiff moved for a second extension of time to file his response to the Motion for Summary Judgment.  (Doc. No. 294.)  This court granted that motion in part, stating that "Plaintiff's response to the Motion for Summary Judgment shall be filed no later than fourteen days after this court's ruling on the Motion to Compel (Doc. No. 263), unless otherwise ordered by the court in the order on the Motion to Compel."  (Doc. No. 308.)  The court notes that the depositions that are the subject of Plaintiff's motion to compel were completed on May 22 (Plaintiff's deposition), July 7 (Defendant's deposition), and August 24, 2015 (Defendant Tiona's deposition).  Plaintiff did not file his Motion to Compel until August 31, 2015, well after the parties' depositions had been completed.