IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02422-PAB-KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

THOMAS C. FISHER, MD,

    Defendant.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 342]. The magistrate judge recommends granting the Motion for Summary Judgment [Docket No. 254] filed by defendant Thomas C. Fisher, MD ("Dr. Fisher"). The Recommendation states that objections to the Recommendation must be filed within fourteen days after service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 25, 2016. Plaintiff filed a timely objection.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks omitted)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115 (citation omitted). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

The Court may not grant a motion for summary judgment simply because the nonmovant has failed to respond. *See Galvin v. McCarthy*, No. 07-cv00885-PAB-BNB, 2009 WL 890717, at *2 (D. Colo. March 31, 2009) (citing *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). The Court must apply the usual Rule 56 analysis and consider whether the moving party has met its burden. *Id.* (citing *Reed*, 312 F.3d at 1194); *see also* Fed. R. Civ. P. 56(e)(3) (providing that if the opposing party does not respond, summary judgment should be entered if "the movant is entitled to it"). The Court must "accept as true all material facts asserted and properly supported in [defendants'] summary judgment motion" and grant summary judgment if, based on those facts, the moving party is entitled to judgment as a matter of law. *Reed*, 312 F.3d

at 1195. Moreover, plaintif's sworn complaint "is treated as an affidavit for summary judgment purposes as long as it satisfies the standards for affidavits outlined in Rule 56[]." *Adams v. Dyer*, 223 F. App'x 757, 764 n.7 (10th Cir. 2007) (unpublished) (citations omitted).

## II. ANALYSIS

Plaintiff's lone remaining claim is an Eighth Amendment claim against Dr. Fisher for allegedly denying plaintiff medical treatment at Buena Vista Correctional Facility ("BVCF"). Relevant facts are set forth in detail in the Recommendation, *see* Docket No. 342 at 2-6, and will not be recited here except as relevant to the Court's de novo review.

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A claim for deliberate indifference has both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted). To satisfy the subjective component, a prisoner must demonstrate that the defendant acted with a "sufficiently culpable state of mind."

*Farmer*, 511 U.S. at 834. "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.* at 407*; see also Giron v. Corrs. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999). Instead, the defendant must "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff's objection primarily consists of a "Statement and History of the Case" in which plaintiff complains about many of the magistrate judge's discovery rulings during the course of this case and about what he perceives as "a deliberate double standard, and pattern denial of due process, and fair/equal treatment. of the parties by the Magistrate." Docket No. 350 at 5. Plaintiff does not make a formal charge of bias or tie his facts to a specific objection to the Recommendation. While plaintiff expresses his frustration with various orders in this case and what he perceives as the cumulative unfairness of those orders, he was free to object to any of the magistrate judge's orders that he believed either demonstrated bias or improperly considered the law and the facts of this case, something plaintiff has done many times in this case. *See, e.g.*, Docket Nos. 93, 270, 323, 345. The Court, therefore, considers only plaintiff's specific objections to the Recommendation.

### A. The Court's Practice Standards

Plaintiff objects that the magistrate judge faulted plaintiff for not complying with the Court's practice standards, which plaintiff states he has never seen. Docket No.

350 at 10-11. The Court, taking plaintiff at his word, will not fault plaintiff for any failure to abide by its practice standards. Having reviewed the Recommendation, however, the Court finds that plaintiff's failure to abide by the practice standards did not materially affect the Recommendation's finding that Dr. Fisher is entitled to summary judgment.

The Recommendation pointed out plaintiff's failure to follow the practice standards in two instances: first, rather than filing a substantive response to Dr. Fisher's motion for summary judgment, plaintiff's nominal response "incorporate[d] [t]herein all motions filed on 2/16/2016 as if fully set forth [t]herein." Docket No. 342 at 1 n.1; Docket No. 321 at 1. Second, the magistrate judge stated that plaintiff failed to comply with the Court's practice standards by not including a section of his response titled "Response to Statement of Undisputed Material Facts." Docket No. 342 at 3 n.3. The Court has reviewed all of the motions that plaintiff filed on February 16, 2016, which he attempted to incorporate by reference into his summary judgment response.[1] Each of these motions sought additional discovery and/or to modify the schedule in this case to allow plaintiff the opportunity to take such discovery. None of plaintiff's February 16, 2016 motions were addressed to the substance of Dr. Fisher's motion for summary judgment. Thus, plaintiff suffered no prejudice by the magistrate judge not treating those motions as incorporated into plaintiff's response to the motion.

---

[1] Those motions are: (1) Motion for Relief Pursuant to Fed. R. Civ. P. Rule 56(d) (Docket No. 322); (2) Motion to Compel Discovery [and] Notice to the Court of Non-Compliance with Discovery Order (Docket No. 324); (3) Motion to Re-Open Discovery Based Upon New Evidence (Docket No. 325); (4) Motion to District Court Judge Philip A. Brimmer for In Camera Review, and to Restrict Access to Plaintiff's Declaration in Support of Motion to Re-Open Discovery Based Upon New Evidence (Docket No. 326); and (6) Motion for Stay of Proceedings Pending the Disposition of Motions (Docket No. 329).

### B. Statement of the Case

Plaintiff objects to the magistrate judge's summary of the facts of this case in a section of the Recommendation titled "Statement of Case." Docket No. 350 at 10. Plaintiff states that the magistrate judge's "rendition is a 90% copied and pasted rendition of the Defendant's Statement of Case and is not 100% accurate." *Id.* Plaintiff does not point out any specific deficiency in the magistrate judge's recitation of facts and his objection, therefore, is not specific enough "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *2121 East 30th Street*, 73 F.3d at 1059.

### C. Remaining Objections

Plaintiff's remaining objections respond primarily to the magistrate judge's characterization of certain facts as "undisputed." Plaintiff states that he has disputed those facts in both his original and amended complaints as well as in the numerous filings in this case. Docket No. 350 at 10-11. Plaintiff misunderstands his burden in opposing summary judgment. Plaintiff is required, at this stage in the litigation, to designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). Plaintiff's argument in response to the Recommendation and his statements in various briefs that he has filed during the pendency of this case are neither evidence nor testimony. Moreover, the medical records that plaintiff attaches to his objection are untimely and the Court does not consider them.[2] "Issues raised for the first time in objections to the magistrate judge's

---

[2]This evidence consists of medical records dated March 7, 2012 to January 4, 2013 in which the field for plaintiff's weight (as well as the fields for temperature, pulse,

recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Nevertheless, mindful of plaintiff's pro se status, the Court has thoroughly reviewed both plaintiff's original complaint and his proposed amended complaint and the exhibits attached thereto[3] and considers whether those allegations are sufficient to create a genuine dispute of material fact as to any of the bases for the magistrate judge's Recommendation to which plaintiff objects.

### 1. Infection

The magistrate judge found that the undisputed evidence shows that plaintiff did not, as he claims, suffer from an infection for 17 months following his surgery. Docket No. 342 at 9. Dr. Fisher has provided evidence of lab tests performed on March 23,

---

respiratory, and blood pressure) is left blank. Docket No. 350 at 16-32. The evidence also includes two medical records dated January 4, 2016 and February 11, 2016, which are submitted for the proposition that plaintiff currently weighs 159 pounds, *see id.* at 33-34, and one record dated October 29, 2008 that states that plaintiff weighed 181 pounds at that time. *Id.* at 35. Plaintiff does not state that he recently acquired the records dated 2008 through 2013 or that he was previously unable to acquire them. Moreover, the relevant time period for this case is between February 2012 and July 2013. *See generally* Docket No. 136 (dismissing all claims except plaintiff's Eighth Amendment claim against Dr. Fisher related to post-surgical care). Plaintiff's weight in October 2008, more than three and a half years before the relevant time period, and in January 2016, nearly three years after the relevant time period, are of no relevance to this case.

[3]In both the original and proposed amended complaints, plaintiff declared under penalty of perjury that the facts therein were true and correct. Docket No. 1 at 44; Docket No. 184-5 at 26. Although the proposed amended complaint has not been accepted, the Court treats the allegations therein as an affidavit for the purpose of this order. *Adams*, 223 F. App'x at 764 n.7. In considering the allegations in the proposed amended complaint, the Court will not consider any allegations that are not related to the lone surviving claim in this case, namely, deliberate indifference related to Dr. Fisher's alleged failure to provide adequate post-operative care following plaintiff's February 2012 appendectomy.

2012 and July 7, 2013, both of which found that plaintiff's Complete Blood Count ("CBC") was within normal limits. Docket Nos. 254-9 at 1; 254-22 at 1. Dr. Fisher has also provided statements from his expert, Dr. Susan Tiona, who states that normal white blood cell count indicates lack of infection. Docket No. 254-11 at 15. Dr. Tiona opined that a finding of 2000 "CFU" or "colony forming units" of enterococcus, a bowel bacteria, "almost certainly represents contamination of the specimen, and is not likely to be clinically significant." *Id.* Dr. Tiona states that, in order to be clinically significant, the CFUs "must be over 50,000." *Id.*

In his objection, plaintiff offers only his lay opinion that "white blood counts can be normal even with infections," and that the presence of bacteria and evidence of plaintiff's subsequent treatment with antibiotics shows that plaintiff was "in fact treat[ed] for infection." Docket No. 350 at 11-12. This is insufficient to defeat summary judgment. "[W]here injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts[.]" *Franklin v. Shelton*, 250 F.2d 92, 97 (10th Cir. 1957). Moreover, even if plaintiff could demonstrate infection as of July 2013, plaintiff points to no evidence that such infection was caused by his February 2012 surgery or by defendant's failure to provide follow-up treatment. "[C]ausation opinion can only be rendered on the basis of specialized knowledge held by an expert qualified by medical education." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1221 (D. Kan. 2007). Plaintiff offers no such competent evidence.

### 2. Weight Loss

The magistrate judge found that plaintiff's claim to have suffered from weight loss due to Dr. Fisher's failure to treat him is contradicted by evidence that plaintiff weighed 168 pounds on March 1, 2012, shortly after the surgery, and weighed 165 pounds on December 28, 2012, with plaintiff's recorded weight never dropping below 160 pounds during that time. Docket No. 342 at 10. Plaintiff's objection states that he currently weighs 159 pounds and that he has had to "eat[] like a horse" to maintain that weight. Docket No. 350. Plaintiff's current weight is irrelevant to whether there is any evidence to support his claim that he got "sicker and sicker and lost more and more weight" following his February 2012 surgery due to Dr. Fisher's neglect. Docket No. 1 at 18. Moreover, even if the Court found that plaintiff had suffered dramatic weight loss since the surgery, there is no competent evidence that such weight loss was caused by any failure of Dr. Fisher to provide adequate post-operative treatment. *Wilkins*, 487 F. Supp. 2d at 1221. The Court finds no error with respect to this aspect of the Recommendation.

### 3. Bandages

The magistrate judge found that plaintiff's allegation that Dr. Fisher refused to provide him bandages did not satisfy the objective component of deliberate indifference. Docket No. 342 at 11-12. Plaintiff states in his objection that the fact that a nurse gave him bandages when Dr. Fisher refused to do so is evidence that plaintiff was "bleeding[] and leaking" and that plaintiff required care that Dr. Fisher refused to provide. Docket No. 350 at 13. The magistrate judge notes Dr. Tiona's testimony that plaintiff's surgical incision is typically covered with "Steri-strips (a type of bandaid), but

no other wound care is typically required after this straightforward procedure." Docket No. 342 at 11 (quoting Docket No. 254-11 at 12). The magistrate judge also notes undisputed evidence that plaintiff received bandages on two occasions, once from a nurse in the infirmary and another time from a nurse at the med line window, and that plaintiff had bandages left after the wound was fully healed. Docket No. 342 at 11-12. Plaintiff does not dispute that he received bandages following his surgery and claims instead that Dr. Fisher is nonetheless liable for refusing to provide them himself. To the extent that plaintiff complains that Dr. Fisher's refusal delayed his receipt of bandages, "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock v. Colo.*, 218 F.3d 1205, 1210 (10th Cir. 2000). Plaintiff shows no evidence of any such substantial harm. Accordingly, the Court finds no error with this aspect of the Recommendation.

### *4. Pain Medication*

The magistrate judge finds that plaintiff's complaint that Dr. Fisher refused to provide pain medication fails to satisfy the objective component of deliberate indifference. Docket No. 342 at 12. The magistrate judge's holding was based on Dr. Fisher's treating notes from March 13, 2012, where Dr. Fisher noted that plaintiff reported "no severe pain or cramps fevers or other [symptoms]," as well as "no abdominal tenderness[,] not distended[,] active [bowel sounds], healing and without tenderness." *Id.* (quoting Docket No. 254-7 at 1) (alterations in original). The magistrate judge further notes that Dr. Fisher stated plaintiff was taking aspirin and ibuprofen for pain. *Id.* Plaintiff objects that he "was suffering, is still suffering, and the Defendant did nothing, and refused anything." Docket No. 350 at 13. As discussed

11

above, plaintiff's argument is not evidence.

The allegations in plaintiff's proposed amended complaint, however, create a dispute as to the symptoms that plaintiff reported to Dr. Fisher on March 13, 2012. Specifically, plaintiff states that, on March 13, 2012, plaintiff told Dr. Fisher that he was "suffering in pain, was swollen, leaking blood and green stuff, and asked for examination, bandages, and pain meds," but that Dr. Fisher "refused any treatment at all on that date and said he would inform the surgeon of the complications" and that Dr. Fisher "made no notes in the medical chart about the issues."  Docket No. 184-5 at 13, ¶ J.  Plaintiff states that Dr. Fisher "refused any treatment at all," although plaintiff does not specifically dispute that he received aspirin and ibuprofen for pain.  *See id.* Plaintiff's allegation contradicts Dr. Fisher's medical record and provides a plausible basis – *i.e.*, Dr. Fisher's failure to note plaintiff's complaints on the chart – for a reasonable jury to believe plaintiff's description of events.  Even if plaintiff's version of events were believed, however, this dispute is not sufficient to create a genuine dispute of material fact with respect to plaintiff's Eighth Amendment claim.

Plaintiff's allegation detailing his reports of his symptoms to Dr. Fisher permits an inference that plaintiff was in more pain than reflected on Dr. Fisher's chart, but is not sufficient to create a dispute of fact as to the objective component of deliberate indifference.  The Tenth Circuit has clarified that whether a medical need is "sufficiently serious" to satisfy the objective test is not determined "exclusively by the symptoms presented at the time the prison employee has contact with the prisoner," but rather by "whether the alleged harm . . . is sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005).  Thus, the objective component is satisfied by an inmate's report of

pain only when the evidence shows that the pain was caused by a "sufficiently serious" medical condition. *See id.* (severe chest pain resulting in a heart attack satisfied the objective prong); *see also Al-Turki v. Robinson*, 762 F.3d 1188, 1192-93 (10th Cir. 2014) (holding that the objective prong was satisfied where plaintiff's "pain was so severe that he collapsed, vomited, and believed he was dying" and the pain was ultimately found to be caused by kidney stones). Plaintiff has demonstrated no such sufficiently serious condition here. Plaintiff's subjective reports of pain cannot, without evidence of a sufficiently serious cause of that pain, create a dispute of fact with respect to the objective component of deliberate indifference. Were the law otherwise, any prison medical provider would face a lawsuit and potential trial any time an inmate professes to be suffering from severe pain that can only be treated with narcotic painkillers. Because plaintiff has not demonstrated a genuine dispute of material fact as to the objective component of deliberate indifference on the ground that Dr. Fisher denied him pain medication, the Court finds no error with this aspect of the Recommendation.

### 5. Sufficiently Serious Need

The Recommendation, after summarizing its findings that plaintiff suffered no infection or weight loss and had not shown that he was denied adequate bandages or pain medication, concludes that plaintiff has not shown that he suffered from a sufficiently serious medical condition to satisfy the objective component of a deliberate indifference claim. Docket No. 342 at 12-13. In reaching this finding, the magistrate judge references Dr. Tiona's opinion that plaintiff's "present conditions are not due in any way to any alleged acts or omissions of Dr. Fisher with respect to his treatment of

[plaintiff]." *Id.* at 12 (quoting Docket No. 254-11 at 22). Plaintiff objects that he is capable of demonstrating that Dr. Tiona is biased and that her opinion is factually incorrect and based on faulty documentation. Docket No. 350 at 13. He also complains that the magistrate judge's rulings in this case denied him the opportunity to make such a showing. *Id.* The Court will address plaintiff's objections to the magistrate judge's rulings in a separate order. For purposes of the present order, plaintiff has not pointed to any evidence that creates a genuine dispute of material fact that he suffered from a sufficiently serious need such that Dr. Fisher's alleged failure to treat him violated the Eighth Amendment.

In sum, because plaintiff cannot satisfy the objective component of deliberate indifference, the Court finds that there is no genuine dispute of fact concerning whether Dr. Fisher "kn[e]w[] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." *Farmer*, 511 U.S. at 837.

Plaintiff does not specifically object to the Recommendation's finding that plaintiff does not satisfy the subjective component of deliberate indifference or that plaintiff's motion for leave to amend his complaint should be granted because any such amendment would be futile. *See* Docket No. 342 at 13-15.[4] The Court has reviewed those findings and is satisfied that there is "no clear error on the face of the record."[5]

---

[4]Plaintiff complains that the magistrate judge "accepts [Dr. Fisher's] responses [to his motion to amend] as true," Docket No. 350 at 14, but offers no specific objection beyond this vague suggestion that the magistrate judge's recommendation is unfair.

[5]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Thomas C. Fisher's Motion for Summary Judgment [Docket No. 254] is **GRANTED**.  It is further

**ORDERED** that plaintiff Delmart E.J.M. Vreeland, II's Motion for Leave to Amend and to Supplement Complaint [Docket No. 184] is **DENIED**.

DATED March 29, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge