IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02422-PAB-KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

THOMAS C. FISHER, MD,

    Defendant.

## ORDER

    This matter is before the Court on the plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60 [Docket No. 384], Motion for Leave to Supplement Complaint After Summary Judgment [Docket No. 387], and Motion for Leave to Exceed Page Limits and to Attach Exhibits to Plaintiff's Supplemental Prisoner Complaint [Docket No. 386].

    The Court entered summary judgment in favor of the last remaining defendant, Dr. Thomas Fisher, on March 29, 2016.  Docket No. 359.  The same day, the Court ordered production of the attachments to certain emails to defendant's expert witness Dr. Tiona and stated that, if "the attachments that defendants have not yet provided, once produced, provide any basis for the Court to revisit its order on defendant's motion for summary judgment, plaintiff may file a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2)."  Docket No. 360 at 11 n.5.  On April 13, 2016, the Clerk

entered final judgment. Docket No. 366. On April 18, 2016, plaintiff filed his notice of appeal. Docket No. 368.

On June 6, 2016, while his appeal was pending, plaintiff sought limited remand to file the motion for relief from judgment, claiming that the motion he intended to file was contemplated by the Court's production order. Appeal No. 16-1131, Doc. 01019633302 at 3. On June 8, 2016, the Tenth Circuit denied his request, stating plaintiff must first seek an order from this Court indicating that it would grant such a motion if it had jurisdiction. *Id.*, Doc. 01019634590 at 1; Docket No. 384 at 33. Plaintiff then filed the present motions on July 18, 2016. Dockets No. 384, 386, 387.

Relief after judgment is discretionary and only appropriate for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because such relief is "extraordinary and may only be granted in exceptional circumstances," *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome; a Rule 60(b) motion should not be treated as a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook*

*& Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 580 (10th Cir. 1996).  Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief.  *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999).

Plaintiff's motion for relief from judgment does not, as contemplated in the Court's March 29, 2016 order, request that "the Court [ ] revisit its order on defendant's motion for summary judgment."  Docket No. 360 at 11 n.5.  Instead, plaintiff takes issue with certain of the Court's conclusions leading to summary judgment, repeats his various grievances about the discovery in the case, and concludes by asking the Court to grant additional discovery and grant plaintiff's motion for leave to supplement his complaint.  Docket No. 384.  The only referenced email attachment is a list of materials that defense counsel brought to the deposition of Dr. Tiona, which included "several notebook binders filled w/case related documents."  Docket No. 384 at 35.  Defendant admits that he was served with and had an opportunity to review "less than 5,000 pages" of documents, but argues this amount is inconsistent with copying fees found in the bill of costs that he claims show approximately 9,000 pages of documents for Dr. Tiona.  *Id*. at 26-27; *see also* Docket No. 323 at 10.  Two copies of somewhat less than

5,000 pages would be approximately 9,000 pages, as defendant points out.[1]  More to the point, the email attachment could not have helped plaintiff avoid summary judgment and he does not otherwise present new evidence that judgment was inequitable.  *See* Docket No. 360 at 11.  Accordingly, the Court would not grant relief even if it had jurisdiction to do so.  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  To the extent plaintiff disputes the conclusions reached by this Court in entering judgment, his appeal offers the proper forum.

After judgment is entered, "the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) (citing  6 C. Wright & A. Miller, Federal Practice and Procedure § 1489 (1971); *Ondis v. Barrows*, 538 F.2d 904, 909 (1st Cir. 1976); *Wilburn v. Pepsi-Cola Bottling Co. of St. Louis*, 492 F.2d 1288, 1290 (8th Cir. 1974); *Knox v. First Sec. Bank of Utah*, N.A., 206 F.2d 823, 826 (10th Cir. 1953)). Therefore, the Court would not grant plaintiff's motion to supplement his complaint or the related motion for excess pages.

For the foregoing reasons, it is

---

[1] Notably, this is also an amount that would fit in several binders.  Defendant states that duplicate copies were made to provide a copy for plaintiff, the one he admits to reviewing.  Docket No. 397 at 16-17.

**ORDERED** that plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60 [Docket No. 384] is **DENIED** for lack of jurisdiction.  It is further

**ORDERED** that plaintiff's Motion for Leave to Exceed Page Limits and to Attach Exhibits to Plaintiff's Supplemental Prisoner Complaint [Docket No. 386] is **DENIED** as moot.  It is further

**ORDERED** that plaintiff's Motion for Leave to Supplement Complaint After Summary Judgment [Docket No. 387] is **DENIED** as moot.

DATED December 28, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge